UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Lisa Marie Brady

    v.                                    Civil No. 16-cv-069-JD
                                              Opinion No. 2016 DNH 100
Somersworth School District,
School Board, et al.



O R D E R


Lisa Marie Brady, proceeding pro se, brings federal and
state claims against the School Board of the Somersworth School
District; Jeni Mosca, the Superintendent of Schools; Pamela
MacDonald, the Special Education Director; and Jeanne Kincaid,
counsel for the school district, arising from the termination of
Brady's employment.  Kincaid moves to dismiss the claims against
her pursuant to Federal Rule of Civil Procedure 12(b)(6).  Brady
did not file a response to the motion.


Standard of Review

In considering a motion under Rule 12(b)(6), the court
assumes the truth of the properly pleaded facts and takes all
reasonable inferences from those facts that support the
plaintiff's claims.  Mulero-Carrillo v. Roman-Hernandez, 790
F.3d 99, 104 (1st Cir. 2015).  The court also considers

documents submitted with the complaint, "matters of public record, and facts susceptible to judicial notice." Guadalupe-Baez v. Pesquera, --- F.3d ---, 2016 WL 1592690, at *2 (1st Cir. Apr. 20, 2016). Conclusory legal allegations, however, are not credited for purposes of a motion to dismiss. Id. at *3. Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

The allegations in the complaint are not presented in a coherent sequential narrative but instead state legal conclusions with reference to documents and data submitted with the complaint. The following background information pertaining to the claims against Jeanne Kincaid is summarized from the complaint.

Brady is a licensed special education teacher who was tenured in the Somersworth School District and was working at the Somersworth Middle School. While Brady was working there, staff in the school district made a film called "Axel" about a special education student in the district. The film was funded by an educational grant. Brady disagreed with the methods that were used and shown in the film.

2

In September of 2012, Brady complained to the administrators of the Somersworth School District about the film and also filed complaints of criminal fraud based on the grant for the film with "multiple NH State and federal agencies." Brady was dissatisfied with the responses to her complaints and notified the press about her charges of criminal fraud against the Somersworth School District.  In March of 2013, Pamela MacDonald put a warning in Brady's employee file.  Brady disputed the warning with a written rebuttal and a grievance.

In March of 2014, Mosca accused Brady of violating RSA 141-H:2 and transferred Brady from the middle school to an elementary school in the district.[1]  Brady's counsel accused the school district of violating New Hampshire's Whistleblower Act. Brady made charges of educational grant fraud against Mosca, MacDonald, and others to the New Hampshire Commissioner of Education.  In September and October of 2014, Brady tried unsuccessfully to appeal the decision to transfer her to the New Hampshire Department of Education.  Brady also brought a

---

[1] Chapter 141-H is titled "Genetic Testing," and RSA 141-H:2 provides the conditions under which genetic testing may be done. Mosca's accusation against Brady arose from a dispute between Brady and another staff member, during which Brady sent samples of the staff member's saliva for testing.  Mosca accused Brady of sharing the results of the test with other members of the staff.

complaint to the New Hampshire Department of Labor, accusing the Somersworth School District of violating the Whistleblowers' Protection Act.[2]

Mosca hired an investigator to address the issues of Brady's complaints and activities.  The investigator issued a report on December 4, 2014, with findings that Brady had violated the Family Educational and Privacy Act and the Individuals with Disabilities Education Act, had "behaved in a non-professional manner, in violation of the Somersworth Staff ethics policy," and was insubordinate to the superintendent. Mosca recommended that Brady be terminated.

A hearing was held before the school board over a period of three days in January of 2015.  The school board hired an attorney, John Teague, to act as a hearing officer and to advise the school board.  After the hearing, the school board found that Brady had acted in an unprofessional manner by having a staff member's DNA tested, that her communications with parties outside the school district about the student involved in the

---

[2] The complaint provides little information about the Department of Labor proceedings.  The exhibit identified as Department of Labor documents includes only the school district's motion to dismiss, Brady's response, a letter to Brady from the Commissioner of the New Hampshire Department of Education, and a document identified as Brady's complaint of educational grant fraud filed with the New Hampshire Department of Justice.

film violated federal law and school district policies, and that
Brady abandoned her position at the elementary school after her
transfer there.  Brady was terminated on January 20, 2015.

Jeanne Kincaid is an attorney with the firm of Drummond
Woodsum in Portsmouth, New Hampshire.  Kincaid represented the
school district during the Department of Labor proceedings and
during Brady's termination hearing before the Somersworth school
board.[3]  Brady challenges Kincaid's actions taken as counsel for
the school district.

## Discussion

Although the complaint does not set forth separate claims
in counts, it appears that Brady intends to bring federal claims
under 42 U.S.C. § 1983 against Kincaid for violating her rights
to due process and free speech and state law claims for
defamation and violation of RSA 638:14.  Kincaid moves to
dismiss the claims against her on the grounds that Brady
received due process, that Kincaid is not a state actor for
purposes of Brady's federal claims under § 1983, that Kincaid is
immune from liability for the state law claims, that Kincaid did
not use legal process against Brady, that Kincaid did not

---

[3] The school board held another hearing in February of 2015 on
Brady's grievance under the Collective Bargaining Agreement that
challenged the school district's conclusion that she had
violated RSA 141-H:2.  The grievance was denied.

violate her legal or ethical duties, and that Kincaid did not terminate Brady's employment.[4]  Brady did not file a response to the motion to dismiss, and therefore, she provides no opposition to the matters Kincaid raises.

A.   Federal Claims

Brady brings claims under § 1983 that Kincaid violated her rights to due process and free speech.  Section 1983 provides a cause of action against a person who violates federal law while acting under color of state law.  Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011).  Therefore, to allege a cognizable claim under § 1983, a plaintiff must provide facts to show that the defendant acted under color of state law and that the defendant deprived the plaintiff of federally secured rights. Id. at 68.

A private party cannot be liable under § 1983 unless the plaintiff can show that the defendant's action "can be classified as state action."  Jarvis v. Village Gun Shop, 805 F.3d 1, 8 (1st Cir. 2015).  "It is only in rare circumstances

---

[4] Kincaid interprets the complaint to allege additional state claims for violation of her professional ethical obligations and for wrongful termination.  Because Kincaid did not represent Brady or owe her any professional duty and did not terminate her employment, to the extent that Brady intended to bring those claims, they are meritless.

that private parties can be viewed as state actors."  Id. (internal quotation marks omitted).  "The Supreme Court has mapped out three routes that can lead to a finding that a private party 'may fairly be said to be a state actor,'" which are joint action with the state, performing a public function, and state compulsion.  Jarvis, 805 F.3d at 8 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Generally, private attorneys who are representing clients are not state actors for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Glotfelty v. Karas, 512 F. App'x 409, 414 (5th Cir. 2013); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999); K.D. v. G.T.N., 2016 WL 612744, at *3-*4 (W.D. Pa. Feb. 16, 2016); Smith v. McMaster, 2015 WL 5178507, at *8 (D.S.C. Sept. 3, 2015); Rose v. City of Sierra Vista, 2015 WL 6768979, at *4 (D. Ariz. Aug. 24, 2015). A private attorney does not become a state actor by representing a public entity.  Dyer v. Maryland State Bd. of Educ., --- F. Supp. 3d ---, 2016 WL 2939740, at *10 (D. Md. May 20, 2016). Similarly, a private attorney hired to represent a school district is not a state actor.  Watson v. Grady, 2010 WL 3835047, at *8 (S.D.N.Y. Sept. 30, 2010) (citing cases).

There is no dispute that Kincaid is an attorney in private practice and is not a state employee.  She was hired by the

school district to represent the district during its proceedings
with Brady.  Brady provides no factual allegations that suggest
Kincaid's actions fit one of the three circumstances when a
private party may be deemed to have engaged in state action.
Instead, the allegations in the complaint show that Kincaid
acted as counsel for the school district and was not a state
actor for purposes of § 1983.

Because Brady has not alleged facts to show that Kincaid
was a state actor during the relevant events, her claims against
Kincaid under § 1983 must be dismissed.

B.  State Claims

Brady's complaint is construed to raise two state law
claims.  She alleges that Kincaid violated RSA 638:14 by
"prosecuting" her for violating RSA 141-H:2 in the context of
the school board termination proceeding.  Brady also alleges
that Kincaid defamed her by making reference to Brady's
violation of RSA 141-H:2 during the Whistleblowers' Protection
Act proceeding before the Department of Labor.

1.  Violation of RSA 638:14

RSA 638:14 is part of New Hampshire's criminal code.  The
statute provides that "[a] person is guilty of a misdemeanor
who, with a purpose to procure the compliance of another with a

request made by such person, knowingly sends, mails or delivers to such a person a notice or other writing which has no judicial or other sanction, but which [simulates legal process]."  If Brady intended to bring a claim against Kincaid for violating RSA 638:14, the claim is meritless.

Generally, violation of a criminal statute does not provide a private cause of action.  See Berry v. Watchtower Bible & Tract Society of N.Y., Inc., 152 N.H. 407, 411 (2005); see also Tracy v. Hayward, 2005 WL 757573, at *1 (D. Me. Feb. 24, 2005). Brady has not shown that the New Hampshire Supreme Court recognizes a private cause of action for violation of RSA 638:14.  Federal court is not an appropriate forum to raise a new and novel theory of state law.  See Rared Manchester NH, LLC v. Rite Aid of N.H., Inc., 693 F.3d 48, 54 (1st Cir. 2012).

In addition, Brady alleges no facts to show or even suggest that Kincaid simulated legal process or sought to obtain Brady's compliance with a request Kincaid had made.  The complaint lacks facts to show that Kincaid wanted Brady's compliance and that she sent, mailed, or delivered any notice to Brady which simulated a document of legal process.  Therefore, to the extent Brady intended to bring a claim for violation of RSA 638:14, the claim is dismissed.

2.  Defamation

Brady alleges that Kincaid defamed her by stating during the proceeding before the New Hampshire Department of Labor that Brady's actions "contravened" New Hampshire law on genetic testing.[5]  Brady initiated that proceeding in October of 2014 with charges that the school district retaliated against her in violation of the Whistleblower Act.  Kincaid represented the school district in the Department of Labor proceeding.

To state a claim of defamation under New Hampshire law, a plaintiff must allege facts that show "the defendant failed to exercise reasonable care in publishing a false and defamatory statement of fact about the plaintiff to a third party, assuming no valid privilege applies to the communication."  Thomas, 155

---

[5] To the extent Brady may have intended to allege defamation based on a statement by Kincaid that is reflected in the minutes of the Somersworth School Board grievance hearing held on February 16, 2015, that effort is unavailing.  The statement that Brady quotes is taken from the minutes of the hearing where Kincaid said, in pertinent part, that "you [the school board] made an absolute finding on page 5 of your decision [to terminate Brady's employment] that in fact Ms. Brady's conduct violated RSA 141-H:2."  Because it is undisputed that the school board did make that finding, Kincaid's statement is true and cannot be grounds for a defamation claim.  See Complaint, Exhibit 21, Finding 1 ("The Board found (by a vote of 7 yes, 1 abstention) that the behavior violated RSA 141-H:2."); see also Thomas v. Tel. Publ'g Co., 155 N.H. 314, 335 (2007) ("One who publishes a defamatory statement of fact is not subject to liability for defamation if the statement is true.") (internal quotation marks omitted).

N.H. at 321.  Kincaid contends the defamation claim must be
dismissed because her statement in the motion filed in the
Department of Labor proceeding was privileged based on the
protection provided to statements made in the context of
judicial and quasi-judicial proceedings.[6]

Under the Whistleblowers' Protection Act, RSA chapter 275-
E, if certain conditions are met, an employee "may obtain a
hearing with the commissioner of labor or a designee appointed
by the commissioner."  RSA 275-E:4, I.  Following a Department
of Labor hearing, the commissioner or the appointed designee
will render judgment on the complaint and order appropriate
remedies.  Id.  The judgment may be appealed pursuant to RSA
541.  RSA 275-E:4, II.

"It is well established that statements made in the course
of judicial proceedings are absolutely privileged from liability
in civil actions, provided they are pertinent to the subject of
the proceedings."  Pickering v. Frink, 123 N.H. 326, 330 (1983);
see also Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP,

---

[6] Brady cites the following statement, which was part of the
school district's motion to dismiss Brady's Whistleblower Act
charges:  "As supported by Superintendent Mosca's Affidavit and
accompanying documentation, Ms. Brady engaged in highly
disruptive conduct in the workplace which violated the
employee's privacy and contravened state law barring genetic
testing absent express consent."

175 F.3d 14, 16 (1st Cir. 1999); Restatement (Second) of Torts,
§ 587 (1977).  "Judicial proceedings include all proceedings in
which an officer or tribunal exercises judicial functions
. . . ."  Restatement (Second) of Torts, § 587, comment f.  The
absolute privilege afforded to statements made in judicial
proceedings has been applied to protect filings made in
proceedings before other tribunals, including states'
Departments of Labor.  See Caroll v. ABM Janitorial Services-MID
Atlantic, Inc., 970 F. Supp.2d 292, 299-300 (D. Del. 2013);
Burnett v. Trinity Institution Homer Perkins Ctr., Inc., 2011 WL
281023, at *5 (N.D.N.Y. Jan. 25, 2011); Marshall v. FedEx Ground
Pkg. Sys., Inc., 2010 WL 3529307, at *8 (M.D. Pa. July 13,
2010); Lowe v. Capital One, Nat'l Ass'n, 2009 WL 3149598, at *2-
*3 (W.D. La. Sept. 25, 2009).

The Department of Labor proceeding at issue here had
sufficient similarity to a judicial proceeding to make the
absolute privilege available.  Brady does not contest the
judicial nature of the proceeding.  Because Kincaid's statement
cited by Brady was part of a motion filed in the Department of
Labor proceeding, it is privileged and cannot serve as a basis
for Brady's defamation claim.

<u>Conclusion</u>

For the foregoing reasons, Jeanne Kincaid's motion to dismiss (document no. 11) is granted.  All claims against her are dismissed.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

June 13, 2016

cc:  Demetrio F. Aspiras, III, Esq.
     Lisa Marie Brady, Esq.
     Brian J.S. Cullen, Esq.
     Melissa A. Hewey, Esq.