# United States Court of Appeals
## For the First Circuit

No. 16-2448

LISA MARIE BRADY,

Plaintiff - Appellant,

v.

SOMERSWORTH SCHOOL DISTRICT, SCHOOL BOARD, SAU #56; JENI MOSCA, Superintendent SAU #56, in both her individual and official capacities; PAMELA MACDONALD, Special Education Director SAU #56, in both her individual and official capacities; JEANNE KINCAID, Attorney for SAU #56, in both her individual and official capacities,

Defendants - Appellees.

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

**JUDGMENT**

Entered: October 13, 2017

After a thorough review of the record and of the parties' submissions, we affirm.

We find no error in the district court's grant of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in favor of defendants Somersworth School District, Jeni Mosca, and Pamela MacDonald. We conclude that the pleadings did not set out a cognizable claim that the defendants had violated the plaintiff-appellant's First Amendment free speech rights. In particular, we conclude that the complaint and the exhibits thereto did not demonstrate that the free speech rights of the plaintiff-appellant, Lisa Marie Brady ("Brady"), outweighed the interests of the defendants in protecting student privacy and ensuring school district compliance with the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2). See Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (where public employee brings First Amendment free speech claim against her employer, employee must demonstrate that her interests outweighed her employer's "legitimate government interest in preventing unnecessary disruptions and inefficiencies in carrying out its public service missions") (quoting Guilloty Perez v. Pierluisi, 339 F.3d 43, 52 (1st Cir. 2003)); see also Pickering v. Board of Educ., 391 U.S. 563, 568 (1968). The question of whether the pleadings allege facts that, if proven to be true, would satisfy this requirement is one

of law to be decided by the court. See Curran v. Cousins, 509 F.3d 36, 45 (1st Cir. 2007) (citing Connick v. Myers, 461 U.S. 138, 148 n. 7 (1983); Lewis v. City of Boston, 321 F.3d 207, 319 (1st Cir. 2003)).

Although Brady was entitled to disagree with the defendants and other school officials regarding the appropriate educational plan for the student in question, the efficacy or legitimacy of facilitated communication, or the question of whether grant money had been used improperly, she was only entitled to do so in a manner that comported with federal law. She was not entitled to flout federal law in a manner that potentially compromised her employer's future receipt of federal funding. See Dyer v. Maryland Bd. of Educ., 187 F. Supp. 3d 599, 622 (D. Md. 2016), aff'd on other grds., 685 F. App'x 261 (4th Cir. 2017). Brady argues that the school district should not be able to invoke FERPA because the student's mother already had authorized the release of the information in her son's educational record; but that release did not authorize the school district or any of its employees to release the student's educational records to the press or to advocacy organizations. See 20 U.S.C. § 1232g(b)(2)(A) (release only authorized to the extent any written release specifies "records to be released, the reasons for such release, and to whom"). Furthermore, even if FERPA somehow did not prohibit Brady from disclosing information in the student's educational records that was referenced in the "Axel" film, Brady still violated FERPA because much of the information she disclosed was not disclosed in the film. Her contention that the information she disclosed to the press and to other parties was not protected by FERPA fails.

We also find no error in the disposition of Brady's federal due process claims. Judgment was properly entered on Brady's procedural due process claim because, according to the pleadings, she was provided with notice of the charges by her employer and was given an opportunity to respond to those charges. See Conward v. Cambridge Sch. Comm., 171 F.3d 12, 23 (1st Cir. 1999). To the extent that Brady argued the correctness of the school board's decision, she seemed to be suggesting a violation of her substantive due process rights. Where it is alleged that a decision by government officials violated an individual's substantive due process rights, a claim is cognizable "only when [the action] is so extreme and egregious as to shock the contemporary conscience." DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005) (citation omitted). We have carefully examined the Complaint and the attachments thereto, and we see no facts that satisfy this exacting standard.

Having properly disposed of Brady's federal claims against the school district, Mosca, and MacDonald, the district court did not err in declining to exercise supplemental jurisdiction over Brady's state law claims against those parties. See Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469-70 (1st Cir. 2017).

We lack jurisdiction to review the dismissal of the claims against defendant-appellee Jeanne Kincaid because the notice of appeal did not purport to appeal from the order granting her motion to dismiss or from the Judgment. See Fed. R. App. P. 3(c)(1)(B); Denault v. Ahern, 857 F.3d 76, 81-82 (1st Cir. 2017).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
Lisa Marie Brady
Brian J.S. Cullen
Melissa A. Hewey
Demetrio F. Aspiras III